# Third District Court of Appeal

**State of Florida**

Opinion filed December 5, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1569
Lower Tribunal No. 17-10537
_____

**Ultra Aviation Services, Inc.,**
Appellant,

vs.

**Lisvan L. Cruz Clemente and Miami-Dade County,**
Appellees.

An Appeal from a final order from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Holland & Knight LLP, and Miguel De Grandy and Daniel P. Hanlon, for appellant.

Fairlaw Firm, and Brian H. Pollock; Friedman, Rodman, & Frank, P.A., and Elizabeth Estrada and Ronald D. Rodman; Beckham & Beckham, P.A., and Pamela Beckham, for appellee Lisvan L. Cruz Clemente.

Abigail Price-Williams, Miami-Dade County Attorney, and David M. Murray, Cynji A. Lee, and Altanese Phenelus, Assistant County Attorneys, for appellee Miami-Dade County.

Before LAGOA, SCALES, and LUCK, JJ.

LAGOA, J.

<u>*ON MOTION TO DISMISS*</u>

Appellee Lisvan L. Cruz Clemente ("Cruz") moves to dismiss Appellant Ultra Aviation Services, Inc.'s ("Ultra"), appeal for lack of jurisdiction. Specifically, Cruz argues that Ultra's appeal is premature, as the trial court continues to exercise jurisdiction over three related claims pled by Cruz that involve the Miami-Dade Living Wage Ordinance (the "LWO"), codified in Section 2-8.9 of the Miami-Dade County Code of Ordinances. We deny Cruz's motion to dismiss.

In the underlying proceedings, Cruz brought suit against Ultra, alleging that Ultra had unlawfully retaliated against him after he voiced complaints to both Ultra and Miami-Dade County ("the County") about Ultra's purported violations of the LWO. After Ultra moved to dismiss Cruz's complaint on the grounds that the LWO was preempted by state law and the LWO's health plan requirements were no longer valid, the County filed an unopposed motion to intervene in the case, which the trial court granted.

The County then filed a complaint against Ultra, alleging two counts for declaratory judgment, one count of estoppel, and one count for injunctive relief. Specifically, the County requested the trial court to declare that section 218.077, Florida Statutes (2017), did not preempt the LWO and that the Florida

2

Legislature's repeal of section 627.6699(12)(a), Florida Statutes, during the 2015 legislative session did not invalidate the health plan requirements in the LWO. After Ultra filed its responsive pleading, Ultra and the County both moved for summary judgment. On June 29, 2018, the trial court granted the County's motion for summary judgment as to its two counts for declaratory judgment. Ultra appealed the trial court's "Final Judgment as to Miami-Dade County's Third Party Complaint" entered on August 15, 2018, which entered judgment in favor of the County on its two counts for declaratory judgment, found the County's count of estoppel moot, and noted the County's voluntary dismissal of its count for injunctive relief. On November 1, 2018, Cruz moved to dismiss Ultra's appeal.

Cruz contends that because the trial court continues to exercise jurisdiction over his three related claims that concern the viability of the LWO, Ultra's appeal of the partial final judgment is premature pursuant to Florida Rule of Appellate Procedure 9.110(k) and must be dismissed. Rule 9.110(k) provides:

> Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. A partial final judgment, *other than one that disposes of an entire case as to any party*, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims. *If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition*.

(emphasis added). Here, the trial court's final judgment totally disposed of the case as to the County, as no counts remain below in which the County is a party. See Gator Boring & Trenching, Inc. v. Westra Constr. Corp., 210 So. 3d 175, 180 (Fla. 2d DCA 2016) ("Because the trial court's orders completely dispose of all claims involving Travelers, we have jurisdiction to review Gator's appeal from the dismissal of count II as a partial final judgment in accordance with rule 9.110(k)."). Because the trial court's order disposes of all claims involving the County, we have jurisdiction to review the partial final judgment pursuant to rule 9.110(k).

Accordingly, we deny Cruz's motion to dismiss Ultra's appeal.

Motion to dismiss denied.